PER CURIAM.
Appellant filed a motion for postconvietion relief under Florida Rule of Criminal Procedure 3.850, alleging that he was not informed *298 that his guilty plea could result in his receiving consecutive sentences for the crimes for which he was convicted, and seeking permission to withdraw his plea.
The trial court summarily denied relief, ruling that appellant was aware of the possible consequences when he entered his plea. In support of that ruling, the trial court attached to the record numerous documents, only one of which was referenced in the order. That document is the order placing appellant on probation; appellant signed this document at the bottom, certifying receipt thereof and the fact that its conditions had been explained to him.
This is not sufficient record support to demonstrate conclusively that appellant was not entitled to relief, as no specific reference is made therein to whether such terms were explained to appellant prior to his pleading guilty. Moreover, there is no such support in the other documents attached in the order.
Thus, we reverse the order denying relief and remand this case to the trial court. On remand, the trial court should either conduct an evidentiary hearing on the appellant’s claim or attach to its order of summary denial a copy of that portion of the files and records of the trial court that conclusively shows that the appellant is entitled to no relief.
MINER, ALLEN and WEBSTER, JJ., concur.